IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JACQUELINE LYNNE BRIDGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV103 |
| | ) | |
| GERALD M. AUERBACH, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Jacqueline Lynne Bridges, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested that she be permitted to proceed in forma pauperis pursuant to 28 U.S.C. § l915(a). Plaintiff names Gerald M Auerbach, general counsel for the United States Marshals Service, and Officer J.M. Evans, a detention officer at the Forsyth County Detention Center, as defendants. Plaintiff claims that Officer Evans and/or the Marshals Service lost or took jewelry from her during a transfer of custody that took place on September 11, 2005. She claims that Officer Evans showed her the jewelry, two gold earrings and a gold necklace worth $420.00, but refused to give it to her. Evans allegedly told Plaintiff that she gave the items to an employee of the Marshals Service who arrived to transport her. Plaintiff states that the jewelry was not checked in when the Marshals delivered her to the Guilford County Detention Center. She has not seen the jewelry since.

Plaintiff seeks to proceed as a pauper. Therefore, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915A. For frivolous or malicious review, the Court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief. The Court must accept all well-pled allegations and review the complaint in a light most favorable to Plaintiff. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Facts must be alleged with specificity. White v. White, 886 F.2d 721 (4th Cir. 1989). The Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995)(en banc)(court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts). The Court may dismiss a complaint under 28 U.S.C. § 1915A even though Plaintiff has not exhausted state administrative remedies.

Plaintiff's claim against Officer Evans is properly raised under § 1983. Unfortunately for Plaintiff, it is also barred by the applicable statute of limitations. One of the affirmative defenses that the Court is explicitly allowed to consider is a statute of limitations defense.

-2-

Nasim, 64 F.3d at 955. The use of Nasim's principals in screening complaints under § 1915 was fairly recently cited with approval and explained by the Fourth Circuit. See Erline Company S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006). Therefore, the Court will examine Plaintiff's complaint to see whether it is barred under the applicable statute of limitations.

The applicable statute of limitations in this case is three years. Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that in section 1983 actions the state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (noting that three-year statute of limitations is applicable to section 1983 actions); N.C. Gen. Stat § 1-52 (three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which she "possesses sufficient facts about the harm done to [her] that reasonable inquiry will reveal [her] cause of action." Nasim, 64 F.3d at 955.

Here, Plaintiff alleges that her jewelry was taken or lost during a custody transfer on September 11, 2005. She claims that at that time she knew Officer Evans was not following usual procedure and that her jewelry did not follow her to Guilford County. Therefore, she was actually aware of the loss of the jewelry as of that date. Her cause of action accrued and the statute of limitations began to run at that time. It expired three years later in September of 2008. Because Plaintiff's complaint was filed several months out of time as to Officer Evans, her claim against Evans should be dismissed.

Plaintiff has also named a federal official.[1] Suits against federal officials may not be brought via § 1983. <u>District of Columbia v. Carter</u>, 409 U.S. 418 (1973). Plaintiff, of course, may proceed pursuant to 28 U.S.C. § 1331 by alleging that federal officers violated her constitutional rights. <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971). However, such actions are almost always subject to the same principles which govern actions brought pursuant to 42 U.S.C. § 1983. <u>See</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980). This is true as to the statute of limitations. <u>Reinbold v. Evers</u>, 187 F.3d 348 (4th Cir. 1999). Therefore, Plaintiff's action against Defendant Auerbach is also filed out of time and should be dismissed.

Finally, it is possible that Plaintiff is attempting to raise a claim under the Federal Tort Claims Act. Her exhibits show that she attempted to regain possession of her jewelry, or at least be compensated for its loss, through the Marshals Service's administrative tort claim process. Her administrative claim was ultimately denied. She was advised of this fact in a letter date stamped June 26, 2007. She was told in that same letter that she needed to file any Federal Tort Claims Act suit in federal court within six months of the mailing of the letter.

---

[1] Plaintiff has named the general counsel for the Marshals Service as a defendant. He could not be sued in any event because he would have had no personal involvement in the taking or loss of Plaintiff's jewelry. However, there is no point in having Plaintiff amend or refile her complaint to name the Marshals Service employee or employees who were personally involved, because any such action is now time-barred.

-4-

Obviously, this deadline is also long past, so Plaintiff cannot maintain a suit under the Tort Claims Act.

Plaintiff is therefore not entitled to further proceed as a pauper. Plaintiff's request to proceed in forma pauperis should therefore not be countenanced, with the exception that in forma pauperis status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted a complaint for filing, however, and, notwithstanding the above determination, § 1915(b)(1) requires that an initial payment of $23.28 be made. Plaintiff must also agree that her funds be withheld until the full filing fee is paid. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS THEREFORE ORDERED** that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $23.28 and return the Consent to Collection form. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

                                          /s/ P. Trevor Sharp
                                      United States Magistrate Judge

Date: February 12, 2009

ptf-ct1.frm
Section 1983-2/98

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JACQUELINE LYNNE BRIDGES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GERALD M. AUERBACH, et al., )<br>)<br>Defendant(s). ) | 1:09CV103 |

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official ) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and
5. that I understand that <u>any violation</u> or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____  Plaintiff's signature: _____